WESLEY M. MULLEN

MULLEN P.C.
THE METLIFE BUILDING
200 PARK AVENUE | SUITE 1700
NEW YORK, NY 10166

August 10, 2020

Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

VIA ECF

      Re:    EMBV Media, S.A. v. VideoApp, Inc. et al., 20 CV 4228

Your Honor,

I represent the Defendants in this action. I write pursuant to Rules 2.B and 4.A.i of the Court's Individual Practices (as supplemented by the COVID-19 Individual Rules and Practices) to request a pre-motion conference regarding Defendants' anticipated motion to dismiss the Complaint.

Defendants seek dismissal on the following grounds. First, Defendant VideoApp, Inc. ("VideoApp") seeks dismissal under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Second, VideoApp and Defendant Dark Alley Distribution LLC ("Dark Alley") jointly seek dismissal, under Fed. R. Civ. P. 12(b)(6) and for failure to state a claim, as to all claims in the Complaint *except* Plaintiff's sixth claim for breach of contract against VideoApp.

      **1.**    **Insufficient Service: Fed. R. Civ. P. 12(b)(5)**

VideoApp is a Nevis corporation. (Compl. ¶ 6.) Plaintiff claims to have served VideoApp by nail and mail service at an unspecified address on Fire Island. (ECF Doc. 10.)

"New York law does not permit 'nail and mail' service upon a corporation." *E.g., Gabr Int'l Trading Corp. v. Birdsall*, No. 07-CV-4310, 2009 U.S. Dist. LEXIS 129814, at *3-4 (E.D.N.Y. Feb. 12, 2009) (citing CPLR 311(a)). Accordingly, VideoApp will seek dismissal for improper service under Rule 12(b)(5).

      **2.**    **Failure to State a Claim: Fed. R. Civ. P. 12(b)(6)**

Pursuant to Rule 12(b)(6), both Defendants will seek dismissal of the inadequately pleaded claims in the Complaint.

      **a.**    **Counts One through Four: Copyright Infringement**

The Complaint's First through Fourth Claims allege that Defendants infringed Plaintiff's registered copyrights in videographic works. (Compl. ¶¶ 54-55.) All must be dismissed because Defendants' use was authorized by a written license agreement.

WMULLEN@MULLENPC.COM | (646) 632-3718

Plaintiff asserted the same infringement claims against VideoApp in a prior action filed July 8, 2019 (the "Prior Action"). (*See Bennouchene d/b/a EMBV v. VideoApp, Inc.*, No. 19 CV 6318 (GBD), Complaint (ECF Doc. 1) at ¶¶ 23-32.) Plaintiff dismissed the Prior Action on the day VideoApp was to file its motion to dismiss. VideoApp explained the procedural history of the Prior Action in a post-dismissal motion for attorney's fees. (Prior Action, Pl's Mot. for Fees (ECF Doc. 20) at 2.)

As in the Prior Action, the Complaint's claims for copyright infringement must be dismissed because "Defendant's use of Plaintiff's work was authorized under a broad, exclusive License Agreement." (*Id.*) The License Agreement allowed VideoApp to use Plaintiff's work "[n]otwithstanding Plaintiff's termination of the [License Agreement]." (*Id.* (citing License Agreement).) And as the Complaint here concedes, new defendant Dark Alley used Plaintiff's works pursuant to an authorized sublicense. (Compl. ¶ 98 ("Pursuant to the Licensing Agreement [between Plaintiff and VideoApp, VideoApp] entered a[ sub-]agreement with Dark Alley to distribute DVDs of Plaintiff's works.").)

"A defendant may raise a complete defense to a copyright infringement claim by presenting the court with the license or sublicense on a motion to dismiss[.]" *Spinelli v. NFL*, 96 F.Supp.3d 81, 121 (S.D.N.Y. 2015). On that ground Defendants will seek dismissal of all claims for copyright infringement.

### b.    Count Five:  Trademark Infringement

The Complaint's Fifth Claim asserts that VideoApp infringed Plaintiff's registered trademarks. (Compl. ¶¶ 107-125.) As Plaintiff concedes, "Under the Licensing Agreement, VideoApp was authorized by [Plaintiff] to 'promote, advertise and market'" Plaintiff's works. (*Id.* ¶ 109.) The license granted to VideoApp under the Licensing Agreement is a complete defense to the trademark claim. *See 1-800 Contacts, Inc. v. WhenU.com, Inc.*, 414 F.3d 400, 406-07 (2d Cir. 2005) ("In order to prevail on a trademark infringement claim … a plaintiff must establish that … the defendant used the mark … *without the plaintiff's consent*.") (emphasis added).

### c.    Count Seven:  Implied Covenant of Good Faith

The Seventh Claim for breach of the implied covenant of good faith and fair dealing is identical to the claim for breach of contract, (Compl. ¶ 147), and must be dismissed. *4Kids Entm't, Inc. v. Upper Deck Co.*, 797 F.Supp.2d 236, 241 (S.D.N.Y. 2011) ("New York does not recognize a separate claim for breach of an implied covenant of good faith where a contract exists.")

### d.    Count Eight:  Statutory Consumer Fraud (GBL § 349)

The Complaint's Eighth Claim, (Compl. ¶¶ 148-162), alleges that Videoapp, Inc. violated New York's unfair trade practices statute, (N.Y. G.B.L. § 349). It pleads the bare conclusion that Videoapp, Inc. "caused harm to the general consuming public." (Compl. ¶ 157.)

This claim fails for at least three reasons. One, the Complaint does not allege any conduct by VideoApp that is "consumer-oriented." *Exxonmobil Inter-Am, Inc. v. Advanced Info. Eng'g Servs., Inc.*, 327 F.Supp.2d 443, 447 (S.D.N.Y. 2004). Two, it does not allege any deceptive conduct in New York. *RFP LLC v. SCVNGR, Inc.*, 788 F.Supp.2d 191, 200 (S.D.N.Y. 2011). And three, since Plaintiff does not claim to be a member of the general consuming public, it lacks standing to sue for consumer harms.

e. **Count Nine: Tortious Interference**

The Ninth Claim alleges that VideoApp interfered with Plaintiff's relationships with subscribers. (Compl. ¶ 164.) The claim should be dismissed because the Complaint does not allege what conduct by VideoApp is so wrongful as to constitute interference; does not plausibly allege dishonest or malicious conduct; and does not allege that VideoApp acted with the "sole purpose" of harming the Plaintiff. *See RFP LLC*, 788 F.Supp. 2d at 196 ("If there are no allegations in the complaint capable of supporting a reasonable inference that [the defendant] acted with the sole purpose of harming the plaintiff or used dishonest … means, then the claim should be dismissed.").

f. **Count Ten: Accounting**

Plaintiff's Tenth Claim seeks equitable accounting on the ground that "the amount of compensatory damages due … to Plaintiff is unknown." (Compl. ¶ 172.) It will be dismissed because the Complaint does not plead any of (at least) three mandatory elements: fiduciary relationship; absence of an adequate remedy at law; or demand and refusal. *Matsumura v. Benihana Nat'l Corp.*, No. 06 Civ. 7609 (NRB), 2007 U.S. Dist. LEXIS 37376, at *12-13 (S.D.N.Y. May 21, 2007) ("Under New York law, the elements of a claim for an … accounting are (1) a relationship of a fiduciary or confidential nature … (3) the absence of an adequate legal remedy; and (4) … a demand for an accounting and a refusal.")

g. **Count Eleven: Injunction**

Plaintiff's Eleventh Claim is styled "Injunction." (Compl. ¶¶ 174-177.) This last one should be dismissed because injunctive relief is a remedy, not a cause of action. *E.g. Miller v. Wells Fargo Bank, N.A.,* 994 F.Supp.2d 542, 558 (S.D.N.Y. 2014) (dismissing claim for injunction because "injunctions are remedies, not causes of action … .").

In conclusion, Defendants respectfully request a pre-motion conference.

Respectfully,

Wesley M. Mullen

cc: All counsel of record (via CM/ECF and email)

WMULLEN@MULLENPC.COM | (646) 632-3718